MATTER OF MARTINEZ-ROMERO

In Deportation Proceedings

A-23039950

Decided by Board June 30, 1981

(1) A statement in a motion to reopen that further proof of eligibility for asylum and withholding of deportation will be forthcoming at the reopened hearing does not constitute a prima facie basis of eligibility for relief.

(2) Failure to assert an asylum claim prior to the completion of a deportation proceeding must be reasonably explained.

(3) A motion to reopen deportation proceedings for the purpose of applying for asylum and withholding of deportation will not be granted where a prima facie case of eligibility has not been established.

(4) Evidence consisting of conclusory assertions, generalized statements, and generalized newspaper articles did not tend to establish that the respondent would be subject to persecution for her political opinions or that she, as a former student, or that students as a class would be subject to persecution for membership in a particular social group.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student— remained longer than permitted

ON BEHALF OF RESPONDENT:
Jerry Kaplan, Esquire
8447 Wilshire Boulevard
Suite 409
Beverly Hills, California 90211

ON BEHALF OF SERVICE:
Thomas Fong
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, and Morris, Board Members

The respondent appeals from a November 6, 1980, decision of an immigration judge, denying her motion to reopen deportation proceedings for the purpose of applying for asylum and denying a request for a stay of deportation. The appeal will be dismissed.

The respondent is a 24-year-old single female alien, a native and citizen of El Salvador. She was admitted to the United States on or about January 14, 1975, as a nonimmigrant student and was authorized to remain in the United States for a temporary period, not to exceed 1 year.

An Order to Show Cause was issued on March 26, 1980, charging the respondent with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant under section 101(a)(15) who remained in the United States for a longer time than permitted. A hearing was held on April 2, 1980, in which the respondent admitted the factual allegations in the Order to Show Cause and conceded deportability. The immigration judge, in a summary decision on the same day, found the respondent deportable as charged. The respondent, who was represented by counsel, waived appeal. The immigration judge granted the respondent voluntary departure until October 2, 1980, a period of 6 months, which was subsequently extended until October 27, 1980, by the District Director.[1] The respondent failed to depart.

In a motion dated October 28, 1980, and received by the government on October 31, 1980,[2] the respondent, through counsel, sought to reopen her deportation proceedings so that she could apply for asylum. The respondent also requested a stay of deportation pending adjudication of the motion to reopen.[3] In support of her motion, the respondent submitted her own affidavit, Form G-325 (Biographic Information), and Form I-589 (Request for Asylum in the United States). In her application for asylum, the respondent stated that students in El Salvador were prime targets for persecution, that schools have been shut down, and that students have been killed or have disappeared. She added that while in the United States, she has openly criticized the killings and oppression that is being caused by the military of El Salvador. She believes that because she has been absent from El Salvador, she would be in a worse position than the people who have remained. The respondent also submitted nine newspaper articles published in June, July, and August 1980. Each of these articles described general conditions in El Salvador.

In his decision of November 6, 1980, the immigration judge considered the respondent's basis for asylum, the civil unrest in El Salvador, and the government's opposition.[4] He stated that in order to be eligible

---

[1] In a letter to the respondent, dated November 3, 1980, the District Director stated:
[A]t the time of your deportation hearing, the privilege of requesting Political Asylum was discussed through your attorney, Emma Castro. You requested voluntary departure for a period of six months in lieu of filing that application and designated El Salvador as the country to which you wished to be deported in the event that you failed to depart.

[2] According to the District Director, a notice to surrender for deportation (Form I-166) was mailed to the respondent, on October 28, 1980, ordering her to report to the district office in Los Angeles on November 7, 1980, completely ready for deportation.

[3] The District Director denied the respondent's application for a stay of deportation in his letter of November 3, 1980, to the respondent. See 8 C.F.R. 103.5.

[4] The government's opposition was stated orally because the respondent was scheduled to be deported on the following day.

for asylum, an alien must establish that his life or freedom would be threatened in a country on account of race, religion, nationality, membership in a particular social group, or political opinion.[5] He was unpersuaded that the respondent faced a danger greater than any other citizen of El Salvador and found that the respondent had not met her burden of coming forward with a prima facie showing that she would be singled out for some specific reason. The immigration judge further noted that, at the deportation hearing, the respondent did not file an asylum claim or claim withholding of deportation under section 243(h) of the Act.[6] He also found that the respondent's motion was deficient because she did not justify her failure to apply for asylum at the time of the hearing.

The immigration judge denied the respondent's request for a stay of deportation. He concluded that inasmuch as he denied the motion to reopen, there would be no purpose in granting a stay pending a decision on the motion to reopen.

The respondent appeals through counsel. Her entire argument is as follows:

> Review is sought of the refusal to stay deportation proceedings and the refusal to re-open [sic] deportation proceedings. The reasons for this appeal are abuse of discretion and refusal to exercise discretion. The alien's request for asylum in the United States was not allowed to be filed. New evidence has been discovered by alien's new counsel that justifies the filing and granting of a prima facie claim for persecution.

Motions to reopen deportation proceedings, while not provided for under the Act itself, are permitted by regulations promulgated thereunder. The regulations provide that a motion to reopen *"shall not be granted unless it appears to the Board that evidence sought to be offered*

---

[5] Technically, the immigration judge used the language pertaining to withholding of deportation in section 243(h)(1) of the Immigration and Nationality Act, 8 U.S.C. 1253(h)(1), in that he referred to "life or freedom" rather than to the language pertaining to asylum, i.e., "persecution or a well-founded fear of persecution." However, the five grounds upon which applications for asylum and withholding of deportation are based are identical. Section 208(a) of the Act provides that an alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 101(a)(42)(A) of the Act. Section 101(a)(42)(A) defines a refugee as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

The regulations implementing this section can be found in 8 C.F.R. 208.5.

[6] Asylum requests made after the institution of deportation proceedings shall also be considered as requests for withholding of deportation pursuant to section 243(h) of the Act. 8 C.F.R. 208.3(b).

is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. 3.2. The motion *"shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material."* (Emphasis supplied.) 8 C.F.R. 3.8.[7] The motion will not be granted "when a *prima facie* case of eligibility for the relief sought has not been established." *INS v. Wang,* 101 S. Ct. 1027 (1981); *Matter of Rodriguez,* 17 I&N Dec. 105 (BIA 1979); *Matter of Lam,* 14 I&N Dec. 98 (BIA 1972). *See Matter of Sipus,* 14 I&N Dec. 229 (BIA 1972).

An applicant for asylum or withholding of deportation must show that, if deported, he would be subject to persecution based on his race, religion, nationality, membership in a particular social group, or political opinion. To meet this burden of proof, an alien must demonstrate a clear probability that he will be persecuted if returned to his country. 8 C.F.R. 208.5; *Matter of McMullen,* 17 I&N Dec. 542 (BIA 1980); *cf. Cheng Kai Fu v. INS,* 386 F.2d 750 (2 Cir. 1967), *cert. denied,* 390 U.S. 1003 (1968) (race, religion, or political opinion); *Matter of Dunar,* 14 I&N Dec. 310 (BIA 1973) (race, religion, or political opinion). Persecution under section 243(h) has been defined as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive. *Moghanian v. United States,* 577 F.2d 141 (9 Cir. 1978); *Kovac v. INS,* 407 F.2d 102 (9 Cir. 1969). *See Pereira-Diaz v. INS,* 551 F.2d 1149 (9 Cir. 1977).

We recognize the difficulty a person may face in establishing that he or she will be persecuted. We also are aware of the political upheaval in El Salvador. However, generalized undocumented assertions regarding claims of persecution ordinarily will not be sufficient to support a motion to reopen. *See generally Matter of Chumpitazi,* 16 I&N Dec. 629 (BIA 1978). Similarly, general allegations of political upheaval which affect the populace as a whole are insufficient to warrant reopening. *See generally Fleurinor v. INS,* 585 F.2d 129 (5 Cir. 1978); *Matter of Diaz,* 10 I&N Dec. 199 (BIA 1963); *see also Matter of McMullen, supra.* Evidence presented in support of a claim of persecution must demonstrate a clear probability of persecution directed at the individual respondent or a class to which the individual respondent belongs. *Cheng Kai Fu v. INS, supra; Matter of Chumpitazi, supra.* Evidence such as newspaper articles will be considered in evaluating a claim of persecution. However, this type of evidence normally is not significantly probative on the issue of whether a particular alien would be subject to persecution if deported. *See Matter of McMullen, supra.*

---

[7] 8 C.F.R. 3.2 and 8 C.F.R. 3.8 pertain to motions to reopen before the Board; 8 C.F.R. 103.5 pertains to motions to reopen before the District Director; and 8 C.F.R. 242.22 pertains to motions to reopen before an immigration judge.

Reopening is not warranted in this case because the respondent has not established prima facie eligibility, either for withholding of deportation or for asylum. Her motion is insufficient because the evidence sought to be offered does not tend to establish that she would be persecuted or that she has a well-founded fear of persecution.

The respondent contends that she will be persecuted because of her political opinions. She also contends that she will be persecuted because she is a former student and students are persecuted. The statements in her affidavit and application for asylum are conclusory. The nine newspaper articles regarding conditions in El Salvador are generalized articles which do not single out the respondent or students in general for disparate treatment. None of the evidence indicates that the respondent would be persecuted for her political beliefs or for her former student classification. Further, the respondent has not offered any evidence which would tend to establish either that students in general are persecuted or that she as an individual would be persecuted. She has not alleged that she or any member of her family[8] has ever been detained, interrogated, arrested, convicted and sentenced, imprisoned, or persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. Even when we consider the evidence[9] individually and collectively, we find that the respondent has not established a prima facie case of eligibility for relief.

Furthermore, the respondent has not reasonably explained her failure to assert her asylum claim prior to the completion of her deportation hearing. See 8 C.F.R. 108.3(b); 8 C.F.R. 208.11. The respondent alleges that, prior to and during the hearing, she was not aware that she could seek political asylum. The respondent claims that because she has no relatives in the United States, she thought her remedies were limited to voluntary departure or to a visa petition based on a labor certification. We note that the respondent was represented by counsel at her deportation hearing[10] and that, according to the District Director, she requested 6 months of voluntary departure time in lieu of filing an application for

---

[8] At the time she submitted her application for asylum, the respondent's mother, father, nine sisters, and brothers were living in El Salvador.

[9] The respondent's motion states that further proof of eligibility for asylum will be provided at the reopened hearing. On appeal, the respondent states that new evidence has been discovered that justifies the filing and granting of a prima facie claim for persecution. No evidence was submitted. As we stated in *Matter of Sipus*, 14 I&N Dec. 229 (BIA 1972), the immigration judge cannot be expected to act on conjecture. Counsel's unsupported and conclusory assertion in the motion that he "is prepared to present the necessary evidence at the time of hearing" does not tell us or the immigration judge what evidence he is prepared to present and does not satisfy us that the additional delay entailed in a reopening would likely be worthwhile.

[10] The respondent retained three attorneys who represented her, respectively, at the deportation hearing, on her motion, and on appeal.

asylum. Further, her motion was not submitted until her voluntary departure time of 6 months had expired, and the evidence presented therein was general and conclusory in nature.

Based upon the record before us, we conclude that the immigration judge did not abuse his discretion when he denied the respondent's motion to reopen so that she could apply for asylum. We also conclude that the immigration judge's denial of a stay pending a decision on the motion was proper. Accordingly, the appeal will be dismissed.

**ORDER:** . The appeal is dismissed.