Faustino **DOLORES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 84–3657.

United States Court of Appeals, Sixth Circuit.

Submitted July 18, 1985.

Decided Sept. 6, 1985.

Margaret W. Wong, Margaret W. Wong & Assoc., Cleveland, Ohio, for petitioner.

Thomas W. Hussey, Donald Couvillon, Robert Kendall, Jr., Office of Immigration Litigation, Crim. Div., Washington, D.C., Christopher Barnes, U.S. Atty., Nicholas Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for respondent.

Before MARTIN and JONES, Circuit Judges, and SILER, District Judge.[*]

PER CURIAM.

Petitioner, Faustino Dolores, seeks review by this Court of the decision by the Board of Immigration Appeals (BIA) to deny his motion to reopen his deportation proceedings in order to enable him to apply for asylum or withholding of deportation. In the alternative, Dolores asks this Court to exercise its authority under 28 U.S.C. § 2347(c) to remand his case to the BIA for consideration of new evidence. We deny Dolores' motion to stay this appeal, affirm the BIA, and decline to remand his case.

Dolores is a native and citizen of the Phillipines who currently resides in Cleveland, Ohio. He entered the United States on October 16, 1981 and received authorization to remain in this country until January 15, 1982. Dolores neither received an extension or change of his nonimmigrant status nor left the United States on the required date. On May 4, 1982, an immigration judge found Dolores deportable under 8 U.S.C. § 1251(a)(2), for remaining in the United States longer than authorized, but granted his request for voluntary departure within forty-five days. Dolores selected the Phillipines as his destination if deportation became necessary. Rather than

[*] The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

departing, Dolores noticed an untimely administrative appeal, which the BIA summarily dismissed on September 29, 1983. Dolores received an additional grant of thirty days for voluntary departure but he did not depart, receive an extension of time, or file a petition of review. Consequently, Dolores came under the immigration judge's contingent order of deportation.

On November 2, 1983, Dolores filed a motion to reopen the proceedings to apply for asylum, and the next day he filed his asylum application. Dolores asserted that he had new and material evidence which supported his fear of persecution if he returned to the Phillipines. Dolores alleged that he was a moderate who had participated while in the United States in the activities of the Movement For a Free Phillipines (MFP), a non-violent opposition group with which former Phillipine Senator Benigno Aquino had been associated. Dolores alleged that he feared persecution if he returned to his homeland because of the political upheaval that followed the assassination of Aquino on August 21, 1983. He submitted newspaper reports concerning the Phillipines and noted that a cousin and friends had been detained in 1972, at the time that Phillipine President Ferdinand Marcos imposed martial law. On August 2, 1984, the BIA denied the motion to reopen Dolores' deportation proceedings. The BIA found that Dolores had failed to establish a prima facie case of eligibility for asylum or withholding of deportation.

■ The decision on Dolores' motion to reopen his deportation proceedings in order to apply for asylum rests in the sound discretion of the INS. *Balani v. I.N.S.*, 669 F.2d 1157, 1161 (6th Cir.1982) (Per Curiam). INS regulations provide that such a motion will not be granted unless supported by new and material evidence that was not available at the former hearing. *See* 8 C.F.R. §§ 3.2, 3.8(a). The INS has interpreted these regulations to provide that reopening is not appropriate unless the alien makes "a prima facie showing that the statutory requirements for the relief

sought have been met." *Matter of Garcia*, 16 I & N Dec. 653, 654 (BIA 1978). *See also Matter of Martinez-Romero*, 18 I & N Dec. 75, 78 (BIA 1981), *aff'd on other grounds*, 692 F.2d 595 (9th Cir.1982). This Court has previously accepted the INS' interpretation. *See, e.g., Balani*, 669 F.2d at 1162.

Dolores seeks to reopen his case in order to apply for a grant of asylum under section 208(a) of the Immigration and Nationality Act (INA or the Act), 8 U.S.C. § 1158(a). A request for asylum that is made, as here, after the institution of deportation proceedings is by regulation also considered to be a request for withholding of deportation, as provided for by section 243(h) of the INA, 8 U.S.C. § 1253(h). *See* 8 C.F.R. § 208.3(b). We must first determine whether the BIA abused its discretion by denying Dolores' motion to reopen on the ground that he did not make out a prima facie case for either withholding of deportation or asylum.

■ The Supreme Court recently held that "an alien must establish *a clear probability of persecution*" to support a request for withholding of deportation under section 243(h). *I.N.S. v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 2492, 81 L.Ed.2d 321 (1984) (emphasis added). This Court has interpreted *Stevic* to require "that an alien show that it is more likely than not that *he as an individual* will be subject to persecution if forced to return to his native land." *Dally v. I.N.S.*, 744 F.2d 1191, 1195 (6th Cir.1984) (emphasis in original). *Accord Youkhanna v. I.N.S.*, 749 F.2d 360, 361 (6th Cir.1984). Neither "documentary evidence, not pertaining to the applicant individually, that depicts a general lack of freedom or the probability of human rights abuses in the alien's native land" nor the alien's own conjecture or subjective allegations will satisfy this standard. *Dally*, 744 F.2d at 1195. Rather, "some credible evidence" must authenticate the petitioner's allegations. *Id.* at 1196.

■ The Attorney General may grant section 208(a) asylum, in his discretion, if an alien is found to be a refugee. 8 U.S.C.

§ 1158(a). A refugee is a person who is unable to return to his country "because of persecution or a *well-founded fear of persecution* on account of race, religion, nationality, membership in a particular social group, or political opinion....." 8 U.S.C. § 1101(a)(42)(A) (emphasis added). In *Stevic* the Supreme Court assumed, without deciding, "that the well-founded-fear standard is more generous than the clear-probability-of-persecution standard." *Stevic,* 104 S.Ct. at 2498. This Court has concluded that the well-founded-fear standard "does require less than the 'clear probability' standard." *Youkhanna,* 749 F.2d at 362. To establish that his fear of persecution is well-founded, a petitioner must present specific facts which demonstrate actual persecution or establish " 'good reason to fear persecution on one of the specified grounds.' " *Id.* (quoting *Carvajal-Munoz v. I.N.S.,* 743 F.2d 562 (7th Cir.1984)). This well-founded fear standard is more generous both because it can be satisfied by credible subjective evidence and because the fear may be based upon group characteristics such as the petitioner's religion. *Youkhanna,* 749 F.2d at 362.

■ Dolores' case should be reopened if he establishes a prima facie case of either a clear probability or a well-founded fear of persecution by material evidence that was not available at the time of his deportation proceedings. Dolores offered evidence that his cousin and friends had been detained under martial law. The alleged detention, however, occurred in 1972, while Dolores was residing in the Phillipines and fully ten years before his deportation hearing. This evidence was not unavailable at the time of the deportation proceedings, nor did this circumstance arise subsequent to the hearing. *See* 8 C.F.R. § 3.2.

The most material evidence Dolores presents is the assassination of Benigno Aquino, an event of great political import for the Phillipines which occurred after Dolores' deportation proceedings. Dolores has not, however, adduced evidence that he is a political leader of national notoriety, which might satisfy the clear probability standard by supporting a finding that Dolores as an individual would be likely to be singled out for similar, even if less drastic, persecution. The only connection Dolores has established between himself and Aquino is that he attended MFP lectures, some of which Aquino delivered. This evidence does not satisfy the more generous well-founded fear standard for asylum in the absence of evidence that other MFP participants have been persecuted for their political opinions. The general descriptions of the conflict within the Phillipines, described by the newspaper articles Dolores has provided, do not establish a prima facie case for either a clear probability or a well-founded fear of persecution. *See Dally,* 744 F.2d at 1195; *Youkhanna,* 749 F.2d at 361. Dolores has not satisfied his burden of demonstrating that his motion to reopen presented the BIA with a prima facie case for the relief sought.

■ Dolores also requests that this Court remand his case for further consideration by the BIA of allegedly new material evidence in the form of a report by Amnesty International USA concerning political and human rights conditions in the Phillipines. 28 U.S.C. § 2347(c) authorizes Courts of Appeals, when reviewing agency final orders, to remand a case to the agency for consideration of additional evidence followed by new findings and another order. Under this provision, the moving party must apply for leave to adduce the additional evidence, demonstrate that the evidence is material, and articulate reasonable grounds for the failure to adduce the evidence before the agency. We find that section 2347(c) is available on review of INS decisions. *See Fleurinor v. I.N.S.,* 585 F.2d 129, 132 (5th Cir.1978); *Coriolan v. I.N.S.,* 559 F.2d 993, 1003 (5th Cir.1977); *Martinez de Mendoza v. I.N.S.,* 567 F.2d 1222, 1225 (3d Cir.1977). *Contra Ramirez-Gonzalez v. I.N.S.,* 695 F.2d 1208, 1213 (9th Cir.1983).

■ Although the INS maintains that Dolores has not applied for leave to adduce additional evidence, we treat his appeal itself as the application raising the section

2347(c) issue. *See Martinez de Mendoza,* 567 F.2d at 1225. The first question, then, is whether the proffered Amnesty International report is material to Dolores' application for asylum or withholding of deportation, each of which requires a showing of more than information that political, religious, or other persecution is presently occurring in the applicant's homeland. In certain cases an Amnesty International report will properly be the basis for a remand under section 2347(c). In *Coriolan,* the Fifth Circuit exercised its authority under section 2347(c) and remanded the case of two Haitian citizens to the BIA for consideration of an Amnesty International report. The court in *Coriolan* equated materiality with relevance and concluded that "the evaluation in this report is certainly relevant." 559 F.2d at 1003. In *Coriolan,* however, each applicant faced arrest for illegal departure from Haiti if he returned to the country. The Amnesty International report was material to a determination that arrests in Haiti were routinely accompanied by persecution in the form of torture. *See* 559 F.2d at 1002. In *Fleurinor v. I.N.S.,* 585 F.2d 129 (5th Cir.1978), the Fifth Circuit found that an Amnesty International report concerning conditions in Haiti was not material within the meaning of section 2347(c). "[T]he evidence must be probative on the issue of the likelihood of *this* alien being subject to persecution in the event of deportation." *Id.* at 133.

In the present case, Dolores acknowledges that he was not persecuted while living in the Phillipines during the years of martial law. He left the Phillipines by virtue of a legal passport and registered with the Phillipine consulate shortly after his arrival in this country. The basis for Dolores' fear of persecution is that he had participated in activities of the MFP opposition organization during his stay in the United States. The Amnesty International report reveals a country in which even peasants and tribal rural residents are subject to random military violence. Persons ranging from labor unionists to church workers are subject to arrest without due process, beatings, torture, and "disappear-

ances" from which they do not return. Yet, the Amnesty International report does not support a finding that on his return to the Phillipines Dolores will be more likely than other private citizens to suffer persecution. Therefore, applying *Coriolan,* the report is not material to Dolores' request for a remand to the BIA.

Even if the Amnesty International report were material, Dolores' failure to articulate reasonable grounds for not earlier bringing the information it contains to the attention of the BIA raises an inference of dilatory tactics. *See Fleurinor,* 585 F.2d at 133. This provides an independent ground for declining to remand his case to the BIA for consideration of the Amnesty International report.

The BIA's denial of Dolores' motion to reopen his deportation is AFFIRMED. His request for remand to the BIA to consider the additional evidence is DENIED.