785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SABAH R. MATTI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 84-3885
 United States Court of Appeals, Sixth Circuit.
 1/14/86
 
 ORDER
 BEFORE: MERRITT and WELLFORD Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This petitioner seeks review of a Board of Immigration Appeals order denying his motion to reopen deportation proceedings which was sought so petitioner could submit a second request for discretionary relief under Sec. 241(f), 8 U.S.C. Sec. 1251(f), based upon his second marriage to a United States citizen.
 
 
 2
 Normally, when a motion to reopen is filed within six months after the Board affirms the order of deportation, the order of deportation as well as the order denying the motion to reopen is subject to judicial review. Hyun Joon Chung v. I.N.S., 720 F.2d 1471, 1473-74 (9th Cir. 1984). In this case, however, this petitioner has only raised issues in his appellate brief regarding the Board's denial of his motion to reopen. His prior arguments made to the Board regarding his requests for asylum and the withholding of deportation are, therefore, considered abandoned and not properly presented to this Court for review. Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Preemption Devices v. Minn. Min. & Mfg. Co., 732 F.2d 903, 906 (Fed. Cir. 1984); Deane Hill Country Club Inc. v. City of Knoxville, 379 F.2d 321, 323 (6th Cir.), cert. denied, 389 U.S. 975 (1967).
 
 
 3
 Addressing the merits of petitioner's motion to reopen, this Court concludes that the Board did not abuse its discretion in denying the motion to reopen. Dolores v. I.N.S., 772 F.2d 223, 225 (6th Cir. 1985); Dallo v. I.N.S., 765 F.2d 581, 588 (6th Cir. 1985). Contrary to the petitioner's assertions, the decision denying the motion was supported by a rational explanation; it did not depart from established policies, nor did it rest upon an impermissible basis such as invidious discrimination against a particular race or group. See Dallo v. I.N.S., supra, 765 F.2d at 588; Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir. 1982) (per curiam).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The Board's order denying the motion to reopen is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.