785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH E. FOUTS, Plaintiff-Appellant,
v.
JOY MANUFACTURING COMPANY, Defendant-Appellee.
 85-3590
 United States Court of Appeals, Sixth Circuit.
 1/17/86
 
 ORDER
 BEFORE: JONES, WELLFORD and NELSON, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss for lack of jurisdiction and appellant's response thereto.
 
 
 2
 Appellant brought this action under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et seq., alleging that appellee violated the Act by wrongfully transferring him because of his age, and by constructively discharging him because of his age. By order entered June 21, 1985, the district court granted summary judgment in favor of defendant on the constructive discharge claim, and denied summary judgment on the issue of wrongful transfer. Appellant filed his notice of appeal on July 19, 1985.
 
 
 3
 An order granting partial summary judgment is not a final order wi hin the meaning of 28 U.S.C. Sec. 1291. Rudd Construction Equipment Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir. 1983). The plaintiff-appellant claims, however, that because the district court's grant of summary judgment on the issue of constructive discharge effectively enjoined him from presenting that issue to the jury, this Court has jurisdiction under 28 U.S.C. Sec. 1292(a)(1), which permits interlocutory appeals of orders 'granting, continuing, modifying, refusing or dissolving injunctions.' This argument is without merit. Any grant of summary judgment effectively enjoins a litigant from presenting an issue as to which there is no genuine issue of material fact to a jury. This is not one of those cases where an order which has the practical effect of refusing (or granting) an injunction may be immediately appealable under Sec. 1292(a)(1). See Bradley, et al. v. Milliken, et al., 772 F.2d 226 (6th Cir. 1985); Gillis v. Dept. of Health and Human Services, 759 F.2d 565 (6th Cir. 1985); Carson v. American Brands, 450 U.S. 79 (1981). Therefore, this Court lacks jurisdiction to hear this appeal.
 
 
 4
 Accordingly, it is ORDERED that the motion to dismiss is granted and the appeal is hereby dismissed.