815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Basil Jihad HAJAWI (85-3496), Oaraha and Layla Patto
(85-3497), Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 85-3496, 85-3497.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 I.N.S.
 AFFIRMED.
 ON PETITION FOR REVIEW OF ORDERS OF THE IMMIGRATION AND NATURALIZATION SERVICE.
 BEFORE: KENNEDY, JONES, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, three Christian Iraqi citizens, of Assyrian/Chaldean ethnic origin, seek review of orders entered by the Board of Immigration Appeals (BIA) dismissing their appeals from orders entered by an immigration judge ordering them deported, pursuant to 8 U.S.C. Sec. 1251(a)(2). The BIA found the aliens deportable as charged, denied their applications for asylum and withholding of deportation, and granted them the privilege of voluntary departure within thirty days. We must decide whether the BIA's asylum determination amounted to an abuse of discretion and whether its decision withholding deportation was supported by substantial evidence. See Yousif v. INS, 794 F.2d 236, 242-44 (6th Cir.1986).
 
 
 2
 Our review leads us to the conclusion that the claims of the petitioners are untenable for the same reasons as articulated by the BIA. Petitioners have failed to meet their burden of showing their entitlement to either asylum under Section 208(a), 8 U.S.C. Sec. 1158(a), or the withholding of deportation under Section 243(h), 8 U.S.C. Sec. 1253(h)(1). Review of the record shows that the petitioners' claims rest upon general allegations of persecution that are not supported by any specific evidence indicating that they would be singled out for persecution. The unsubstantiated and self-serving statements presented by the petitioners are not enough to make out the necessary case for either type of relief. See, e.g., Dolores v. INS, 772 F.2d 223 (6th Cir.1985).
 
 
 3
 Petitioners also contend that the BIA erred in failing to assess their applications for asylum and withholding of deportation under the "well-founded fear of persecution" and "clear probability of persecution" standards, respectively, as required by INS V. Stevic, 467 U.S. 407 (1984). Examination of the record reveals that the BIA applied the proper standards.
 
 
 4
 The deportation orders of the Board of Immigration Appeals are affirmed.
 
 
 5
 JONES, Judge, concurring.
 
 
 6
 I concur fully in the court's affirmance of the Board of Immigration Appeal's denial of petitioners' requests for asylum and withholding of deportation pursuant to 8 U.S.C. Sec. 1253(h) (1982). I write separately for the limited purpose of memorializing the Board's express representation to this court that further deportation proceedings against these three individuals would be stayed pending their applications for "legalization" under section 201(a) of the Immigration Reform and Control Act of 1986, Pub.L. No. 99-603, reprinted in 55 U.S.L.W. 275, 286 (Dec. 23, 1986). The Board also represented to this court that today's decision would have no effect whatsoever on the said applications.