37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Inocencio MARTE-MATA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3222.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Inocencio Marte-Mata, a native of the Dominican Republic, requests oral argument and petitions pro se for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying his request for relief from deportation in the form of a waiver of inadmissability under 8 U.S.C. Sec. 1182(c). He also moves to remand this matter to the Board for reopening on the basis of new evidence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Marte-Mata entered the United States as a lawful permanent resident in 1973. During his residence, he has pursued a career as a successful professional jockey. He has been married four times, and has two children to whom he has provided support. He has also had a number of encounters with law enforcement, including convictions for wanton endangerment, assault, and resisting arrest. In 1987, he entered a guilty plea in an Ohio court to charges of aggravated trafficking in cocaine, drug abuse, and permitting drug abuse. He was sentenced to concurrent terms of imprisonment totalling three to fifteen years and has since been released on parole. Based on this latest conviction, he was served with an order to show cause why he should not be deported as one convicted of a controlled substance violation. He conceded deportability, but moved for relief in the form of a waiver under 8 U.S.C. Sec. 1182(c).
 
 
 3
 A hearing was held before an Immigration Judge on September 13 and 14, 1989, at which Marte-Mata and several other witnesses testified on his behalf. The Immigration Judge subsequently denied the requested relief. The decision discussed Marte-Mata's criminal history as well as the equities in his favor, including his lengthy residence, family ties, and successful career, which the Judge concluded were unusual and outstanding equities which might entitle Marte-Mata to relief. However, it was also concluded that rehabilitation had not been established, as Marte-Mata maintained his innocence of the cocaine trafficking charge. The documentary evidence and testimony from Marte-Mata's supporters was also discounted on the basis that only one or two of them had been aware of his drug problem prior to his arrest, and therefore no foundation existed for their comments on his rehabilitation. Marte-Mata appealed to the Board of Immigration Appeals, and on December 21, 1990, moved to remand his case to the Immigration Judge to consider further evidence of his rehabilitation. In a decision entered February 8, 1994, the Board denied the motion to remand and dismissed the appeal. The order discusses the favorable equities but finds them outweighed by the seriousness of Marte-Mata's criminal record and his failure to take responsibility for his convictions. The motion to remand was denied on the ground that the additional evidence presented would not alter the outcome of the case. On appeal, Marte-Mata continues to argue that he was innocent of the cocaine trafficking charge and only entered a guilty plea due to advice from ineffective counsel. He also argues that the Immigration Judge erred in requiring him to make a threshold showing of rehabilitation as a prerequisite to relief and that the decision below is wrong on the merits. This court granted a stay of deportation pending review of the case on the merits.
 
 
 4
 Upon review, we conclude that the Board did not abuse its discretion in denying relief. See Craddock v. INS, 997 F.2d 1176, 1178 (6th Cir.1993). Marte-Mata's argument concerning his innocence of cocaine trafficking is misplaced, as a criminal conviction cannot be collaterally attacked in deportation proceedings. See Gouveia v. INS, 980 F.2d 814, 817 (1st Cir.1992). While Marte-Mata's argument that the Immigration Judge should not have required a threshold showing of rehabilitation in order to grant relief has merit, this court reviews the decision of the Board, not that of the Immigration Judge. See Hazime v. INS, 17 F.3d 136, 140 (6th Cir.1994). The Board's decision did discuss the evidence in such a way as to demonstrate that it did weigh the equities, including the factor of lack of rehabilitation. See id.; Craddock, 997 F.2d at 1178. The existence of outstanding equities does not guarantee relief. Cordoba-Chaves v. INS, 946 F.2d 1244, 1247 (7th Cir.1991). In this case, the Board properly found Marte-Mata's attempt to minimize his culpability to be a serious negative factor. See Akrap v. INS, 966 F.2d 267, 272 (7th Cir.1992). Under the circumstances in this case, we find no abuse of discretion in the conclusion that the negative factors of the criminal history and failure to take responsibility for the convictions were not outweighed by the favorable equities presented.
 
 
 5
 We next turn to Marte-Mata's motion to remand this case to the Board for consideration of new evidence, consisting of his continued good behavior during the pendency of this case. This court has the authority to remand a case for consideration of additional evidence under 28 U.S.C. Sec. 2347(c). See Dolores v. INS, 772 F.2d 223, 226 (6th Cir.1985) (per curiam). Under that statute, the petitioner must show that the new evidence is material and that there are reasonable grounds for the failure to present the evidence to the agency. In this case, while the further evidence in support of Marte-Mata's claim of rehabilitation is arguably material, it is unclear why he did not move to supplement his motion to remand before the Board with this additional evidence at any time between the filing of the motion in December, 1990, and the Board's decision in February, 1994. We therefore find it more appropriate in this case to stay the mandate of this court for thirty days following this decision to allow Marte-Mata to move the Board for reopening and a stay of deportation. Cf. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 6
 The order of the Board of Immigration Appeals is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for remand is denied.