**Vladimir Ferit DUME, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–4043.

United States Court of Appeals, Sixth Circuit.

June 16, 2004.

Thomas R. Williams, Kerr, Russell & Weber, Detroit, MI, for Petitioner.

Colette J. Winston, U.S. Department of Justice, Office of Immigration Litigation, David V. Bernal, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: KRUPANSKY and COLE, Circuit Judges; and COOK, District Judge.*

*ORDER*

Vladimir Ferit Dume, a citizen of Albania currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals denying his motion to reopen his applications for asylum, withholding of removal, relief under the United Nations Convention Against Torture, and voluntary departure. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Dume was born in Albania in 1954. He entered the United States in 1995, and overstayed his visa. He conceded removability, but applied for the relief set forth above. A hearing was held before an immigration judge (IJ), at which Dume testified that he, like his grandfather and father before him, had been imprisoned for his political views during the Communist

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

rule of Albania. Dume also protested against the nominally Democratic party which took power in the early 1990's, and was repeatedly arrested and beaten. The IJ concluded that Dume had established past persecution, but that conditions in Albania had changed to the extent that Dume need no longer fear persecution if he returned, because neither the Communist nor the Democratic party is now in power. Moreover, the IJ noted that he would not grant asylum as a matter of discretion because Dume had submitted some apparently fraudulent documents in support of his application, including a birth certificate, arrest records, and a membership card from a group of formerly persecuted persons. The IJ denied all of the relief requested. Dume appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision without opinion. Dume filed an untimely appeal of that order to this court, which was dismissed. He also filed a motion to reopen the case before the BIA, attaching a report from a professor of history who specializes in the Balkans giving an opinion in support of Dume's claims, as well as a more recent State Department Country Report. The BIA concluded that the proffered evidence had not been shown to have been previously unavailable and material, and denied the motion. This timely petition for review followed.

The court granted Dume's motion for a stay of removal pending the outcome of this case. Dume's opening brief addresses only the original IJ's decision and the BIA's affirmance thereof. Respondent points out that only the denial of the motion for reopening is before the court. In his reply brief, Dume argues that the evidence he submitted with his motion to reopen met the statutory requirements for reopening.

The notice of appeal in this case, filed after the denial of the motion to reopen, applies only to the denial of the motion, and not to the underlying decision. *Stone v. INS*, 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Thus, the issues raised in Dume's opening brief are irrelevant to this court's review. Normally, arguments which are not raised in a proponent's opening brief are considered abandoned. *Youghiogheny & Ohio Coal Co. v. Milliken,* 200 F.3d 942, 955 (6th Cir.1999). Therefore, because Dume raised no issue regarding the denial of his motion to reopen in his first brief, he has arguably waived his right to review of his case.

Moreover, even if the abandonment of the issue under review were overlooked, it does not appear that the BIA abused its discretion in denying Dume's motion to reopen. *Scorteanu v. INS,* 339 F.3d 407, 411 (6th Cir.2003). A motion to reopen is properly denied where the movant does not introduce previously unavailable material evidence. *INS v. Abudu,* 485 U.S. 94, 97–98, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Dolores v. INS,* 772 F.2d 223, 225 (6th Cir.1985). Dume's only argument in his reply brief as to why the evidence he submitted should be considered is that he did not believe further evidence was required until his applications for relief were denied by the IJ. This argument would make motions to reopen appropriate in every case in which the alien's requests for relief were denied.

Because the denial of the motion to reopen was not an abuse of discretion, the petition for review is denied.