

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# Suriani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Suriani v. Atty Gen USA" (2006). *2006 Decisions.* Paper 873.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/873

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 05-2205



FARELLY SURIANI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____


On Petition for Review of a decision and order
of the Board of Immigration Appeals
(BIA No. A79-331-398)

_____


Submitted under Third Circuit LAR 34.1(a)
June 12, 2006

BEFORE: FISHER, GREENBERG, and LOURIE*, Circuit Judges

(Filed: June 20,  2006)

_____


OPINION OF THE COURT

_____


GREENBERG, Circuit Judge.

_____


*Honorable Alan D. Lourie, Judge of the United States Court of Appeals for the Federal

Circuit, sitting by designation.

This matter comes on before this court on Farelly Suriani's petition for review of a decision and order of the Board of Immigration Appeals which affirmed without opinion a decision and order of an immigration judge denying Suriani's application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. In addition, the IJ, and thus the BIA, declared Suriani permanently ineligible for benefits under the Immigration and Nationality Act in accordance with section 208(d)(6) of the INA, 8 U.S.C. § 1158(d)(6), and 8 C.F.R. §§ 208.20 and 208.3(c)(5). Finally, the IJ and the BIA ordered Suriani and her husband, who has a derivative claim for relief, removed to Indonesia.

In this case the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(a), and we have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and (b)(1). See Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir. 2003). Inasmuch as the BIA affirmed the IJ's decision and order without opinion, effectively we are reviewing the order of the IJ. See Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005). Of course, we are obliged to accept the IJ's findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Suriani has summarized her argument as follows:

The IJ and the BIA erred by denying Petitioner asylum insofar as Petitioner has satisfied the burden of proof, per 8 C.F.R. § 208.13(a)(b), by presenting evidence in the form of testimony and documentation establishing her well-founded fear of persecution based upon both her Chinese ethnicity and her

2

Christian religion, <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421 (1987). In order to satisfy her burden, it was required that Petitioner demonstrate that there was a reasonable possibility of persecution should she return to Indonesia, which could be satisfied by credible subjective evidence. <u>See</u> <u>Dolores v. INS</u>, 772 F.2d 223 (6th Cir. 1985). Petitioner also documented the objective basis for her fear of persecution by presenting country condition reports concerning the historic persecution of the Chinese Christian minority in Indonesia. Petitioner's br. at 6 (internal quotation marks omitted).

After our review of this matter we have concluded that the Attorney General correctly states the case when he explains:

> Like multitudes of Indonesian natives living here illegally, petitioner does not wish to return to a country filled with civil strife; however, Ms. Suriani has presented no evidence that distinguishes her situation from that of other unsuccessful asylum seekers. Respondent's br. at 16.

The petition for review will be denied.