Dinka Toma YOUKHANNA, Jabrial Youkhanna, Astar Youkhanna, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 83–3872, 83–3873.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1984.

Decided Dec. 7, 1984.

Fakhri W. Yono, argued, Yono & Sarafa, P.C., Southfield, Mich., Joseph A. Gatto, Charles Owen, argued, Detroit, Mich., for petitioners.

Mary Reed, Asst. U.S. Atty., argued, Robert Kendall, Jr., Thomas W. Hussey, Susan L. Heftel, Civ. Div., Washington, D.C., Christopher Barnes, U.S. Atty., Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for respondent.

Before LIVELY, Chief Judge, and KENNEDY and MILBURN, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Petitioners appeal from decisions of the Board of Immigration Appeals (BIA) denying their applications for withholding of deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h), and for asylum under section 208 of the Act, 8 U.S.C. § 1158.

Petitioners Jabrail Shabo Youkhanna and Astar Youkhanna, a married couple, and Dinka Toma Youkhanna are citizens of Iraq. They entered the United States as non-immigrant visitors in 1979 and remained here beyond the authorized limits of their stay. Conceding their deportability, they applied for withholding of deportation and for asylum. The Acting District Director denied the applications on the ground that petitioners had failed to establish a well-founded fear of being persecuted upon return to Iraq.

Petitioners then appealed to the Board of Immigration Appeals. Petitioner Jabrail Youkhanna alleged that he would be persecuted in Iraq because of his opposition to the ruling Baath Party and his sympathetic support for the Kurdistan Democratic Party (KDP). Petitioner Dinka Toma Youkhanna cited possible persecution based on his membership in the KDP, and his Chaldean Christian religion. The BIA dismissed each appeal for failure to meet the standard for withholding of deportation, whether that standard was thought of as "clear probability of persecution," "good reason to fear persecution," or "realistic likelihood of persecution."

The Supreme Court has recently adopted the "clear probability of persecution" standard in section 243 cases, saying that this standard "requires that an application be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution...." *INS v. Stevic*, — U.S. —, 104 S.Ct. 2489, 2501, 81 L.Ed.2d 321 (1984).

█ Petitioners have failed to establish a clear probability of persecution. Their briefs and appendices contain numerous general descriptions of the lamentable religious and political conflicts in Iraq. However, "something more than newspaper articles and pamphlets are necessary to show that the Board has abused its discretion in denying a petitioner's request for the withholding of deportation." *Dally v. INS*, 744 F.2d 1191 at 1197 (6th Cir.1984). Rather, "[s]ome type of specific evidence that an individual would actually be singled out for persecution must be produced." *Id.* at 1196. The closest petitioners come to producing specific evidence is in their allegations of prior political persecution—a nine-month jail term in 1971 for petitioner Dinka Youkhanna, and a 1961 beating for petitioner Jabrail Youkhanna. With the only specific evidence relating to actions thirteen and twenty-three years ago, petitioners have failed to establish that it is more likely than not that they will be persecuted upon their return.[1]

---

1. Petitioners are also specific in their claim that they will be subjected to punishment for having paid bribes to receive the documents necessary to leave Iraq for the United States. While these fears are no doubt legitimate, they are fears of punishment for crimes rather than fears of political persecution. Section 243 does not provide relief in such circumstances.

The "clear probability" standard applies only to petitioners' section 243 applications for withholding of deportation. Petitioners' appeal of the denial of their request for asylum requires separate analysis. Under section 208 of the Act, 8 U.S.C. § 1158, an alien "may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." Under section 1101, a refugee is defined as one who has "a well-founded fear of persecution."

In *Stevic, supra,* the Supreme Court expressly declined to decide on the meaning of the phrase, "well-founded fear of persecution," 104 S.Ct. at 2501, but did "assume ... that the well-founded-fear standard is more generous than the clear-probability-of-persecution standard." *Id.* at 2488. However, the applicant must still "present *specific* facts through objective evidence if possible, or through his or her own persuasive, credible testimony, showing actual persecution or detailing some other good reason to fear persecution on one of the specified grounds." *Carvajal-Munoz v. INS,* 743 F.2d 562 (7th Cir.1984) (original emphasis). This standard does require less than the "clear probability" standard applied to the section 243 question, but, even so, petitioners have failed to present specific evidence which would satisfy this standard.[2]

Petitioner Jabrail Youkhanna makes the additional claim that the immigration judge deprived him of due process by rejecting his uncontroverted testimony. In fact, however, the problem is not that his testimony was rejected, but rather that the immigration judge did not share Jabrail's conclusion as to what his testimony established. His testimony that he was beaten in 1961 and that his father was harassed was not rejected; it simply does not establish a clear probability of persecution upon return. Meeting the clear probability standard is "more than a matter of [an alien's] own conjecture." *Kashani v. INS,* 547 F.2d 376, 379 (7th Cir.1977).

The BIA's orders denying asylum and ordering deportation are affirmed.

---

**2.** Even if we were to find that petitioners do have a well-founded fear, they would not automatically be entitled to asylum. Rather, a well-founded fear is a prerequisite to any discretionary grant of asylum by the Attorney General. Petitioners argue that they do have a well-founded fear, but they fail to show that denial of asylum is an abuse of discretion in their cases.