765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTOINETTE SHEHADEH AND SALIM SHEHADEH, PETITIONERS,
v.
IMMIGRATION AND NATURALIZATION SERVICE, RESPONDENT.
 NO. 84-3265
 United States Court of Appeals, Sixth Circuit.
 5/14/85
 
 Petition for Review of an Order of the the Board of Immigration Appeals
 Before: CONTIE, Circuit Judge; PHILLIPS, Senior Circuit Judge, and GILMORE, District Judge.*
 Per Curiam.
 
 
 1
 This case is before the Court on the petition of Antoinette and Salim Shehadeh, husband and wife, for review of an order of the Board of Immigration Appeals dated February 8, 1984, denying their motion to reopen their deportation proceedings. On October 3, 1983, the Board had dismissed petitioners' appeal from the decision of the immigration judge dated July 22, 1982.
 
 
 2
 Petitioner Antoinette Shehadeh is a 37 year old female and a native and citizen of Lebanon. Petitioner Salim Shehadeh is a 45 year old male and citizen of Jordan. They both entered the United States on January 27, 1981 as nonimmigrant visitors for pleasure (tourists) pursuant to U.S.C. Sec. 1101(a)(15)(B). The male petitioner was authorized by the Immigration and Naturalization Service (Service) to remain in the United States until April 21, 1981 and the female petitioner until April 5, 1981. Both failed to depart the United States on or before the expiration of their authorized stay.
 
 
 3
 On June 2, 1981, approximately two months after the expiration of her authorized stay, the female petitioner filed a request for asylum in the United States, Immigration Form I-589, alleging that she would be persecuted if she were to return to Lebanon. She included her husband in her request. The husband never made an independent request for asylum on his own behalf. The District Director denied the asylum application on December 8, 1981. Orders to show cause were issued against both petitioners. Consolidated proceedings commenced on April 22, 1982 because petitioners had remained in the United States beyond their authorized time.
 
 
 4
 The female petitioner renewed her application for asylum and for withholding of deportation on the ground that she would be persecuted on account of her Christian religion if she should return to Lebanon. She testified that, as a Christian, she would find it difficult to reach her former place of residence in Tripoli because of the different factions controlling the various sectors. She stated that her sister had been arrested by the Phalangists some three years previously; and that her sister was taken from home blind-folded and pushed with guns in her back until released when her captors determined that she was Lebanese. Petitioner further testified that her sister later was arrested again and beaten, as a result underwent an operation on her leg and continues to have pain in her leg, back and stomach. There was no claim that the female petitioner had ever been arrested, detained, threatened or in any way mistreated or singled out for persecution in Lebanon. She submitted no documented evidence to support her testimony concerning her sister.
 
 
 5
 The male petitioner testified in support of his wife's applications for asylum and withholding of deportation but offered no testimony concerning alleged persecution if he and his wife returned to Lebanon. He offered no testimony or other evidence to substantiate his wife's claim of persecution.
 
 
 6
 In his written decision issued June 22, 1982, the immigration judge held that the female petitioner failed to establish the required likelihood of persecution or loss of life on account of her religion, race, or political opinion if she were returned to Lebanon. The judge wrote as follows with respect to her claim of persecution:
 
 
 7
 There are no claims made that either of the two respondents were ever arrested, threatened, detained, or in any other way singled out for individual adverse treatment. Reference is had, however, to relatives, but each respondent now apparently desires to remain in the United States and have made no serious attempt to enter Jordan or any other country. It has already been noted that Jordan is the male respondent's country of citizenship, yet, each have asserted that evils would befall them if either were returned to Palestine or Lebanon. This is so, despite the fact that the female respondent choose [sic] to go to Kuwait with her Jordanian husband and has never had a residence in Lebanon after 1964 and was absent from Lebanon for some periods of time even prior to that date. Obviously, any claim of persecution or lose [sic] of life or freedom advanced by either of these respondents must rely on conjecture. In the first instance that Lebanon is the Government whose action would result in their loss of life or freedom on account of the race, religion, political opinion, membership in a particular social group or nationality of either of the parties. There is no evidence to suggest such eventuality nor is there evidence to demonstrate that either has so much as been threatened by the Lebanese Government in any way, shape or form. They have not met the burden of proof required of them in this type of case.
 
 
 8
 The immigration judge found both petitioners deportable under 8 U.S.C. Sec. 1251(a)(2), denied the renewed application of the female petitioner for withholding of deportation under 8 U.S.C. Sec. 1158, but granted them the privilege of voluntary departure in lieu of deportation to Jordan in the case of the male petitioner and to Lebanon in the case of the female petitioner.
 
 
 9
 The Board of Immigration Appeals dismissed the appeal in an opinion dated October 3, 1983, agreeing with the decision of the immigration judge. In rejecting the female petitioner's asserted claim of persecution in Lebanon on the basis of her Christian religion, the Board found that none of her proferred documentary evidence supported her claim that she would be singled out for persecution. The Board stated:
 
 
 10
 On this record, we find that the respondent has not shown that she has a well-founded fear of persecution within the contemplation of sections 208(a) or 243(h) of the Act. Our conclusion as to the respondent's claim is the same whether we apply a standard of 'clear probability,' a 'good reason,' or a 'relative likelihood' [of persecution].
 
 
 11
 The Board granted both petitioners permission to depart the United States voluntarily within 30 days of its order. On February 8, 1984 the Board denied petitioners' motion to reopen their deportation proceedings.
 
 
 12
 On their petition to review filed in this Court, petitioners contend that the Board abused its discretion in denying their motion to reopen for the purpose of considering their request for political asylum in the United States, offering to tender new evidence 'based on circumstances and precedent decisions which have arisen subsequent to that hearing,' including the presence of the American peace-keeping forces in Lebanon. Petitioners further contend that their request for relief should not be denied 'without taking into account the pending Simpson-Mazzoli legislation' which was pending in Congress at the time of the filing of their brief in this Court, but has not been enacted into law.
 
 
 13
 Upon consideration of the oral arguments, briefs and the entire record, this Court concludes that petitioners have failed to establish a clear probability of persecution with respect to their claim for withholding of deportation or a well-founded fear of persecution in support of their application for asylum. We hold that the Board did not abuse its discretion. The decision of the Board is affirmed on authority of I.N.S. v. Stevic, ---- U.S. ----, 104 S.Ct. 2489 (1984); Ahmed Ali Moosa v. INS, ---- F.2d ---- (No. 84-3273, 6th Cir. May 2, 1985); Youkhanna v. INS, 749 F.2d 360 (6th Cir. 1984); and Dally v. INS, 744 F.2d 1191 (6th Cir. 1984).
 
 
 14
 On April 15, 1985 petitioners filed in this Court a motion to remand this case to the INS 'to complete administrative action.' The motion states that as of April 1, 1985 the immigrant priority date of petitioners was reached and they became eligible to apply for permanent residence in the United States under authority of 8 U.S.C. Sec. 1255(a); that they now meet all requirements of 8 U.S.C. Sec. 1255(a); and that they have applied for an adjustment of status to permanent residence at the Detroit office of the INS.
 
 
 15
 The motion to remand is denied. Any application for permanent residence filed by the petitioner under 8 U.S.C. Sec. 1255(a) must be made through appropriate administrative channels.
 
 
 
 *
 Honorable Horace W. Gilmore, District Judge for the Eastern District of Michigan, sitting by designation