791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ZINATOL SADAT SADEGHI-DADBIN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 85-3410
 United States Court of Appeals, Sixth Circuit.
 4/28/86
 
 AFFIRMED
 B.I.A.
 PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
 Before: RYAN, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant, a native and citizen of Iran, seeks review of a decision of the Board of Immigration Appeals (BIA or Board) dismissing her appeal from an immigration judge's decision denying her motion to reopen deportation proceedings.
 
 
 2
 Ms. Sadeghi-Dadbin (petitioner) originally entered the United States in 1976 as the spouse of a nonimmigrant student. In the summer of 1979, she left the United States to visit her parents in Iran. The political crisis in Iran at that time prevented her from returning to this country until September 20, 1979. She was granted a one-month visa, which expired October 19, 1979. Petitioner remained in the country, and, in June of 1980, gave birth to a son. In June of 1984, she was divorced from her husband.
 
 
 3
 Because petitioner failed to depart the country upon the expiration of her visa on October 19, 1979, deportation proceedings were initiated against petitioner on June 29, 1984, pursuant to an order to show cause issued by the Detroit District Office of the Immigration and Naturalization Service (INS). The order set petitioner's deportation hearing for July 31, 1984. The hearing was rescheduled for August 7, 1984. On August 1, 1984, retained counsel for petitioner requested a postponement of the hearing, stating in his letter to the immigration judge that he had not had an adequate opportunity to prepare for the hearing, and that he had a prior commitment. (A.R. 51.) The hearing was postponed until August 16. On August 10, counsel again wrote to the immigration judge, requesting a continuance because his client was out of the state and he was unable to locate her. (A.R. 49.) The hearing was postponed until August 30. (A.R. 55.) On August 29, counsel again sought postponement of the hearing, stating that petitioner had informed him that she would return from Kentucky to Michigan within thirty days. (A.R. 46.) The hearing was postponed until September 27. On September 25, counsel again sought continuance of the hearing, stating that his client had returned, but because of the illness of her child, she had been unable to confer with him.
 
 
 4
 Neither petitioner nor her counsel appeared at the hearing on September 27, 1984. At the hearing, the INS trial attorney opposed a fourth request for a continuance. The immigration judge denied the motion for continuance, finding no valid explanation for this final request, since petitioner had returned to Michigan (A.R. 60). The judge noted that counsel's letter of September 25 had been received September 26, and that it would have been impossible to communicate in writing whether the motion had been granted or denied before the scheduled hearing date. (A.R. 62.) Therefore, the hearing proceeded in absentia. On the basis of the documentary evidence submitted by the INS, the judge found that the INS had met its burden of proving the deportability of petitioner by clear, convincing and unequivocal evidence. (A.R. 60.) See 8 C.F.R. Sec. 242.14.
 
 
 5
 The deportation order of the immigration judge, issued September 27, 1984, granted petitioner the right to reopen the deportation proceedings if she personally appeared within ten days to contest the issues. It further stated 'that the failure of the [petitioner] and counsel to appear within this Court in 10 days will be considered a waiver of the request for a motion to reopen.' (A.R. 35.) On or about October 5, petitioner's counsel mailed a document seeking reopening, and on October 9, petitioner and counsel personally appeared at the Detroit District INS office. As the ten days had elapsed, the immigration judge denied petitioner a hearing at that time. Apparently because the document seeking reopening was unsupported by affidavits or any evidence as required by 8 C.F.R. Secs. 3.8, 103.5, and 242.22,[1] the immigration judge allowed petitioner an additional ten days in which to file a properly supported motion to reopen.
 
 
 6
 Petitioner filed a motion to reopen on October 17, 1984, requesting that the proceedings be reopened so that she could apply for discretionary relief from deportation, including an application for adjustment of status pursuant to 8 USC Sec. 1255, and an application for suspension of deportation pursuant to 8 USC Sec. 1254(a)(1). A.R. 84-85.[2] The INS opposed the motion to reopen on the ground that it was not accompanied by the supporting documentation required by 8 C.F.R. Secs. 103.5 and 242.22. On December 10, 1984, the immigration judge denied that motion because the material submitted 'fail[ed] to comply with the most basic requirement of a motion to reopen,' and because the evidentiary material required by 8 C.F.R. Secs. 242.22 and 103.5 was not submitted. A.R. 78.
 
 
 7
 Petitioner appealed to the BIA and, in support thereof, filed an affidavit signed by petitioner. On April 30, 1985, the BIA dismissed the appeal, stating:
 
 
 8
 A party seeking a reopening of deportation proceedings must state new facts which he intends to establish. There must also be affidavits or other evidentiary material offered. See 8 C.F.R. Sec. 242.22. Here, the motion contained merely conclusionary statements that the respondent is entitled to the relief. There was no statement that these facts were new or were unavailable at the time of the hearing. Moreover, an application for the requested. relief was not attached to the motion. These defects have been neither explained nor remedied on appeal. Additionally, our review of the record indicates that the respondent is statutorily ineligible for suspension under section 244(a)(1) of the Act [8 U.S.C. Sec. 1254(a)(1)] due to her departure from this country in 1979. This departure broke her period of continuous presence in this country. Consequently, the respondent is precluded from a grant of suspension relief. See INS v. Phinpathya [464 U.S. 183], 104 S.Ct. 584 (1984); Matter of Dilla, Interim Decision 2962 (BIA 1984). The appeal must be dismissed.
 
 
 9
 A.R. 3. This appeal followed.
 
 
 10
 Petitioner makes three arguments on appeal. First, she contends that, because the hearing was held in absentia, she was not advised of the availability of discretionary relief from deportation, 8 C.F.R. Sec. 242.17, and that the deportation proceeding should be reopened so that she can apply for such relief and present evidence in support thereof. Second, petitioner argues that she has established a prima facie case for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1). Finally, she contends that she has established a prima facie case for a grant of asylum, 8 U.S.C. Secs. 1101(a)(42)(A) and 1158, and/or withholding of deportation, 8 U.S.C. Sec. 1253(h).
 
 I.
 
 11
 The BIA's denial of a motion to reopen is reviewed by this Court for an abuse of discretion. Balani v. INS, 669 F.2d 1157, 1160 (6th Cir. 1982); Dallo v. INS, 765 F.2d 581, 588 (6th Cir. 1985). 'In determining whether the Board abused its discretion, this Court must decide whether the denial of Petitioner's motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.' Balani, 669 F.2d at 1161. The BIA, in its discretion, may grant a motion to reopen when a prima facie case of eligibility for the relief sought has been established. INS v. Phinpathya, 464 U.S. 183, 188, n. 6 (1984); INS v. Wang, 450 U.S. 139, 141, 143, n. 5, reh. denied 451 U.S. 964 (1981).
 
 
 12
 The BIA did not abuse its discretion in dismissing petitioner's appeal of the immigration judge's denial of her motion to reopen. The BIA's decision was based in part on petitioner's failure to submit to the immigration judge any affidavits or other evidentiary material stating 'the new facts to be proved at the reopened proceeding,' as required by 8 C.F.R. Secs. 3.8, 103.5, and 242.22. See Wang, 450 U.S. at 143. Certainly the immigration judge's denial of petitioner's procedurally deficient motion to reopen cannot be considered an abuse of discretion, especially in light of the immigration judge's generosity in granting petitioner three continuances, and providing her ample opportunities to file a properly supported motion to reopen after the hearing was held in absentia.
 
 
 13
 Moreover, while petitioner submitted an affidavit to the BIA in support of her claim for suspension of deportation, she failed to establish her 'apparent eligibility' for such relief. See 8 C.F.R. Sec. 242.17(a). The INS may, in its discretion, grant suspension of deportation to a deportable alien who
 
 
 14
 has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of [the application for suspension], and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; . . ..
 
 
 15
 8 U.S.C. Sec. 1254(a)(1).
 
 
 16
 Petitioner has not established a prima facie case of eligibility for suspension of deportation because, as admitted in her affidavit submitted to the BIA, she left the country in 1979 and, therefore, had not been physically present in the United States for a continuous period of seven or more years. (See A.R., 25, 26.) The Supreme Court has recently interpreted this provision in Phinpathya, 464 U.S. 83. The Ninth Circuit had adopted a standard under which only 'meaningfully interruptive' absences from this country broke the continuity of seven years presence. 673 F.2d 1013. The Supreme Court rejected this view as contrary to the plain meaning of the statute, holding that 'Congress meant what it said: otherwise deportable aliens must show that they have been in the United States for a continuous period of seven years before they are eligible for suspension of deportation.' 464 U.S. at 196. Petitioner does not and cannot distinguish Phinpathya; rather, she relies upon the concurring opinion of Justice Brennan, with whom Justices Marshall and Stevens joined. However, that opinion is not controlling. Petitioner has not proven prima facie eligibility for suspension of deportation. Since petitioner is not eligible for suspension of deportation, the fact that she was not informed by the immigration judge of the existence of such relief cannot be the basis for reopening deportation proceedings, and the BIA did not abuse its discretion in refusing to do so.
 
 
 17
 Petitioner's asylum claim is not properly before this Court because of her failure to raise it in her motion to reopen, or in any manner before the immigration judge or the BIA. Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir. 1980), cert. denied 456 U.S. 994 (1982). In any event, the assertions in petitioner's affidavit do not establish even a prima facie case of eligibility for a discretionary grant of asylum. In this affidavit, petitioner asserts that 'due to [her] religious and political beliefs which are adverse to those advocated by the present regime in Iran, appellant and her child fear danger of persecution and physical imprisonment.' (A.R. 28.) In order to meet the 'clear probability' or 'well-founded fear' standards for asylum and/or withholding of deportation, petitioner must bring forth some type of evidence that she would be singled out for persecution upon return to Iran. See Moosa v. INS, 760 F.2d 715, 719 (6th Cir. 1985); Youkhanna v. INS, 749 F.2d 360 (6th Cir. 1984). Petitioner has pointed to no such evidence, either in her affidavit or in her brief in this Court.
 
 
 18
 The BIA did not abuse its discretion in dismissing petitioner's appeal. Accordingly, the decision of the BIA is affirmed.
 
 
 
 [1]
 These regulations state that motions to reopen 'shall state the new facts to be proved at the reopened proceeding and shall be supported by affidavits or other evidentiary material.'
 
 
 [2]
 Petitioner has not pursued her adjustment of status claim in this appeal