793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALBART S. YARO, EYDLENE M. YARO, YOBART YARO, EVON S. YARO,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 85-3533
 United States Court of Appeals, Sixth Circuit.
 5/28/86
 
 REVIEW DENIED
 B.I.A.
 PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and HOLSCHUH, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioners Albart S. Yaro (Yaro), his wife and children (collectively 'petitioners') sought review of a final order of the Board of Immigration Appeals (the Board) which denied their application for asylum and withholding of deportation. Petitioners are natives and citizens of Iraq who entered the United States on July 5, 1980 at New York, New York. They were admitted as nonimmigrants authorized to remain in the United States until August 20, 1980. Instead of departing as scheduled they filed a written application for asylum under Section 208 of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158 (the Act) with the Immigration and Naturalization Service (INS). The district director of the INS denied the application for asylum and deportation proceedings were instituted against petitioners.
 
 
 2
 In deportation hearings conducted on December 20, 1983 and January 4, 1984, petitioners denied deportability on the basis of a renewed asylum application and a request for withholding of deportation pursuant to Section 243(h) of the Act. In support of their requests for relief, petitioners claimed that as Assyrian Christians, they would be persecuted by the controlling Baath political party in Iraq. Yaro testified that in 1975, he, his parents and siblings were 'detained' by the Iraqi government for fifteen days. This detention took the form of imposed travel restrictions to other cities, which restrictions were enforced because the roads were closed as a result of a conflict between the government and the Kurds. Yaro also testified that his family was questioned about supplying food and support to the Kurdish people. The interrogation was completed in approximately one or two hours subsequent to which his family was free to depart northern Iraq and join Yaro in Baghdad where he was studying at the university. Aside from this incident, Yaro was never interrogated, arrested or detained in Iraq. Yaro's final charge of persecution concerned his allegation that as a teacher employed by the government he was pressured to join the Baath party and upon his refusal to comply, he was threatened with a transfer to a less desirable teaching position.
 
 
 3
 Yaro's wife testified that children in Iraqi schools were taught from the Koran, and that the government closed the Assyrian churches and turned them over to another religious group, the Orthodox Christians. She later admitted, however, that Assyrian Christians were permitted to continue to worship, albeit not in their original churches.
 
 
 4
 On April 10, 1984, the immigration judge denied the application for asylum and withholding of deportation, and the Board affirmed this decision. This appeal ensued.
 
 
 5
 Under Section 208 of the Act, the Attorney General may grant asylum, in his discretion, if an alien demonstrates that he is a 'refugee' as defined in Section 1101(a)(42)(A) of the Act, 8 U.S.C. Sec. 1153. To gain 'refugee' status, an alien must prove that he is a person who is unwilling or unable to return to his native country 'because of persecution or a well-founded fear of persecution . . ..' 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 6
 To withstand a deportation order an alien must prove a 'clear probability' that he would be subject to persecution upon his return on account of race, religion, nationality, membership in a political social group or political opinion. INS v. Stevic, ---- U.S. ----, 104 S.Ct. 2489, 2501 (1984).
 
 
 7
 In Stevic, the Supreme Court expressly declined to decide the meaning of 'well-founded fear' applicable to requests for discretionary asylum, 104 S.Ct. at 2501, but did state that there is a definite difference between the two tests. The Court assumed that for purposes of the case before it, the 'well-founded fear' standard applicable in asylum cases is 'more generous' than the 'clear probability of persecution' standard. 104 S.Ct. at 2498. In Youkhanna v. INS, 749 F.2d 360 (6th Cir. 1984), this circuit acknowledged the difference in the two standards, but noted that the petitioner must nevertheless 'present specific facts through objective evidence if possible, or through his or her own persuasive, credible testimony, showing actual persecution or detailing some other good reason to fear persecution on one of the specified grounds.' Youkhanna, 749 F.2d at 362 (quoting Carvajal-Munoz v. INS, 743 F.2d 562 (7th Cir. 1984)). The Youkhanna court further observed that even if the showing of a well founded fear of persecution was presented, a petitioner was not automatically entitled to asylum. Rather, that showing was simply a prerequisite to any discretionary grant of asylum by the Attorney General. Youkhanna, 749 F.2d at 362 n.2.
 
 
 8
 In the case at bar, petitioners' sole charge of error was that the Board incorrectly applied the more stringent 'clear probability of persecution' standard to their claims for asylum. Specifically, petitioners asserted that the Board precluded them from establishing their claim to relief through their own testimony.
 
 
 9
 A review of the record disclosed that petitioners' claims are without merit. First, the Board in this case concluded that under any standard, petitioners had failed to carry their burden of demonstrating eligibility for either form of relief. Moreover, the Board in the instant case did not, as petitioners alleged, preclude them from attempting to prove their claims through their own testimony. The Board accepted petitioners' testimony as true, but concluded that the evidence that supported their claim to relief did not rise to the level of persecution within the meaning of Sections 208(a) and 243(h) of the Act.
 
 
 10
 Second, a review of the record disclosed that petitioners failed to meet even the lesser 'well-founded fear of persecution' standard enunciated by this circuit in Youkhanna. Yaro testified that he had never been arrested in Iraq and while a student and later a government employee in Baghdad, was never detained or interrogated. Further, although Yaro testified that as a government employee he was pressured to join the controlling Baath party, the only consequence of his refusal were threats of a less desirable teaching position. Thus, Yaro failed to 'present specific facts . . . showing persecution or detailing some other good reason to fear persecution . . .' Youkhanna, 767 F.2d at 362.
 
 
 11
 For the foregoing reasons, the petition to review the order of the Board of Immigration Appeals is DENIED.