798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Haroutioun Gaban KAYAYAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 85-3504.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Haroutioun Gaban Kayayan appeals from a decision of the Board of Immigration Appeals ordering his deportation. On appeal, Kayayan asserts that the Board erred in denying his petitions for withholding of deportation and asylum. We affirm.
 
 
 2
 Kayayan, a citizen of Lebanon, produced the following evidence before the Immigration Judge in support of his petitions. Kayayan following his Armenian Orthodox religion was neutral in the fighting in Lebanon. Due to his neutrality, however, Kayayan was harassed by various warring religious factions. These feuding factions also forced Kayayan to pay protection money in order for Kayayan to operate his business. Several weeks after arriving in the United States in December, 1978, Kayayan's business and home were bombed and destroyed. Finally, Kayayan introduced a 1981 State Department letter which indicated that petitions for delays by Lebanese visitors should be viewed sympathetically.
 
 
 3
 An alien's deportation will be withheld if "such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h)(1) (1982). Similarly, an alien may be granted asylum if the alien establishes a "well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A), 1158(a) (1982). While we assume that the well-founded fear standard for asylum petitions is more generous than the "clear probability of persecution" standard, INS v. Stevic, 467 U.S. 407, 413 (1984), applicable to withholding of deportation requests, see Dolores v. INS, 772 F.2d 223, 226 (6th Cir.1985) (per curiam), both standards still require that the alleged persecution be "on account of" one of the five designated reasons. See Stevic, 467 U.S. at 429-30 (an application must be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds); Youkhanna v. INS, 749 F.2d 360, 362 (6th Cir.1984) (need to show a good reason to fear persecution based on one of the specified grounds). Both standards also mandate that the alien establish a claim of individual persecution; evidence indicating "a general lack of freedom or the probability of human rights abuses" is insufficient. Dally v. INS, 744 F.2d 1191, 1195 (6th Cir.1984); Youkhanna, 749 F.2d at 361. We believe that the evidence produced by Kayayan fails to meet these standards.
 
 
 4
 First, Kayayan's allegations concerning his house and business being bombed and his being forced to pay extortion were never linked to one of the five designated reasons. Rather, these events are simply indicative of the general civil unrest in Lebanon. Next, the harassment which Kayayan incurred due to his neutrality is not sufficiently particularized. Kayayan never testified or produced any evidence that he alone was persecuted or harassed because of his neutrality. It is logical to assume that any person who attempts to stay neutral in the midst of a civil war will be subjected to some intimidation or otherwise harried. Finally, we acknowledge that the State Department has indicated that Lebanese visitor's requests for delays should be viewed sympathetically. However, in this case, Kayayan has not alleged that he or any member of his family was ever beaten, arrested, or imprisoned. In fact, the only personal retaliation Kayayan has pointed to is that he was not given a telephone due to his refusal to join a political party.
 
 
 5
 We are, of course, sympathetic to the plight of the many people in Lebanon who, through no fault of their own, have been caught up in that Country's turmoil. Nevertheless, Kayayan had the burden of producing some evidence that he as an individual would be singled out for persecution on account of one of the five designated reasons. This he has failed to do. The decision of the Board is, accordingly, affirmed.