803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FERRIS KLEEM (85-3600), TONY KLEEM (85-3601), Petitioners
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondents.
 No. 85-3600.
 No. 85-3601.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1986.
 
 Before: MERRITT and MARTIN, Circuit Judges; and BERTELSMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Tony and Ferris Kleem, brothers from Lebanon, seek review of the final decision of the Board of Immigration Appeals. The Board affirmed the immigration judge's denial of the Kleems' petitions to withhold deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1253(h), and the Kleems' applications for asylum under section 208 of the Act, 8 U.S.C. Sec. 1158.
 
 
 2
 Tony and Ferris Kleem entered the United States on nonimmigrant visas in 1976. Both Kleems attended high school in Ohio. In 1981, deportation proceedings were initiated against the Kleems. Ferris Kleem was charged with being deportable for failure to comply with the conditions of his nonimmigrant status, 8 U.S.C. Sec. 1251(a)(9), while Tony Kleem was charged with being deportable for remaining in the United States longer than permitted, 8 U.S.C. Sec. 1251(a)(2). The Kleems denied that they were deportable and applied for asylum, claiming that they feared that they would be killed if they returned to Lebanon. The Kleems' applications for asylum must also be considered as requests for withholding of deportation. 8 C.F.R. Sec. 208.3(b); INS v. Stevic, 467 U.S. 407, 423 n.18 (1984).
 
 
 3
 The Kleems claim that before they came to the United states, they were members of a Christian Phalangist group. According to the Kleems, this group was responsible for a killing that greatly angered the Syrians and Palestinians. The Kleems claim that as a result, the Syrian army raided the Phalangist headquarters and, from the membership lists there, complied a list of members who are to be executed. Though neither of the Kleems were in Lebanon at the time of the killing, they claim that they are on this list and will be killed if found by the Syrians. They claim that they know they are on the list because the Syrians have called for them at their mother's home in Lebanon. Though a witness testified that the Syrian army does not venture into Christian areas, the Kleems insist that they will be found and executed if returned to Lebanon.
 
 
 4
 The Kleems' applications were referred to the Bureau of Human Rights and Humanitarian Affairs of the Department of State for an advisory opinion, in accordance with 8 C.F.R. Sec. 208. On October 22, 1979, the State Department opined that while the Kleems may feel that they will be in danger if they return to Lebanon, they have not established a well-founded fear of persecution within the meaning of the United Nations Protocol Relating to the Status of Refugees.
 
 
 5
 After hearing testimony from both Tony and Ferris Kleem, other deposition testimony, and documentary evidence concerning the Lebanon situation, the immigration judge, on June 23, 1983, found that the Kleems had failed to meet their burden of proof in proving that they were eligible for asylum or entitled to a withholding of deportation. The immigration judge noted that the evidence before him indicated that even if the claims about the execution list were true, the Kleems would be safe in areas of Lebanon not controlled by the Syrian Army or the Palestinians. The judge found no evidence other than the Kleems' testimony that the Syrians had persecuted or caused a loss of life or freedom of any Lebanese citizen in the Syrian sphere of influence. The immigration judge found the Kleems' claims to be speculative and not founded on any past experience or foreseeable act.
 
 
 6
 The Board of Immigration Appeals affirmed the decision of the immigration judge. The Board held that the Kleems failed to establish that they would be persecuted or that they have a well-found fear of being persecuted regardless of whether their claims were analyzed under a "clear probability" standard, a "good reason" standard, or a "realistic likelihood" standard.
 
 
 7
 We must review whether the Kleems substantiated their claim to asylum and their claim to a withholding of deportation separately. Yousif v. INS, No. 84-3823, slip op. at 8 (6th Cir. June 27, 1986). To establish that they are entitled to a witholding of deportation as provided by section 243(h) of the Act, 8 U.S.C. Sec. 1253(h), the Kleems must show a "clear probability of persecution" if they are returned to Lebanon. Stevic, 467 U.S. at 413. This standard requires "at least that an alien show that it is more likely than not that he as an individual will be subject to persecution if forced to return to his native land." Dally v. INS, 744 F.2d 1191, 1195 (6th Cir. 1984) (original emphasis). Neither documentary evidence not pertaining to the individual applicant nor conjecture or subjective allegations can be sufficient. Id. Specific evidence that an individual would be singled out must be presented. Youkhanna v. INS, 749 F.2d 360, 361 (6th Cir. 1984); Dally, 744 F.2d at 1196.
 
 
 8
 Our review is limited to determining whether the Board's conclusion is supported by substantial evidence. Yousif, slip op. at 9. The immigration judge and the Board found that the Kleems failed to establish that it is more likely than not that they will be persecuted upon their return to Lebanon and thus the Kleems did not prove entitlement to a withholding of deportation. See Yousif, slip op. at 8-10; Youkhanna, 749 F.2d at 361. This determination is supported by substantial evidence.
 
 
 9
 The Kleems have failed to present credible evidence to support their claim that they will be persecuted if they are returned to Lebanon. No credible evidence in the record lends objective support to the Kleems' own testimony. The Kleems claimed that they were on an execution list; yet, there is no other evidence that such a list exists and that Tony and Farris are listed on it. Self-serving declarations of persecution are not enough. Nasser v. INS, 744 F.2d 542, 544 (6th Cir. 1984). Neither of the Kleems have pointed to a single experience of persecution at the hands of their enemies. The Kleems obtained passports and travelled freely from Lebanon to the United States.
 
 
 10
 The Kleems' own witness testified that Syrians do not venture into Christian areas and that the Phalangists are safe in those areas not controlled by Syrians and Palestinians. Therefore, the Kleems have not presented evidence that they would not be safe anywhere in Lebanon. Substantial evidence supports the Board's denial of a withholding of deportation.
 
 
 11
 The analysis to be used in considering the Kleems' claim for asylum is less strict. Yousif, p. 11; Youkhanna, 749 F.2d at 362; Dolores v. INS, 772 F.2d 223, 226 (6th Cir. 1985). See also Stevic, 467 U.S. at 430. Under section 208 of the Act, 8 U.S.C. Sec. 1158, an alien "may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." 8 U.S.C. Sec. 1101 defines "refugee" as one who is "unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution." To establish that their fear of persecution is well-founded, the Kleems must" 'present specific facts through objective evidence if possible, or through [their] own persuasive, credible testimony, showing actual persecution or detailing some other good reason to fear persecution on one of the specified grounds."' Youkhanna, 749 F.2d at 362 (quoting Carvajal-Munoz v. INS, 743 F.2d 562, 576 (7th Cir. 1984) (original emphasis)).
 
 
 12
 Our review is again limited to determining whether the Board's determination of whether the Kleems had a well-founded fear of persecution so as to be eligible for asylum is supported by substantial evidence. Carvajal-Munoz, 743 F.2d at 567; Lee v. INS, 541 F.2d 1383, 1385 (9th Cir. 1976). Substantial evidence supports the board's determination that the Kleems did not establish a well-founded fear of persecution and thus were not eligible for asylum.
 
 
 13
 Neither through objective evidence nor through their own testimony did the Kleems present specific facts showing persecution or a reason to fear persecution. Rather, as discussed above, the evidence reflects that even in the light most favorable to the Kleems, they have established that they are not safe in Syrian and Palestinian held areas of Lebanon, but are safe in other areas.
 
 
 14
 Substantial evidence supports the Board's determination that the Kleems did not establish a well-founded fear of persecution and thus were not eligible for asylum. Therefore, we find no abuse of discretion in the Board's denial of asylum to Tony and Ferris Kleem.
 
 
 15
 We affirm.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation